## C. & O. R. Co. *v.* BARREN COUNTY COURT.

**Special Charters—Power of the Legislature to Amend.**
Where, by legislative enactment in granting a charter or public franchise, the power to amend is reserved, the legislature may amend such charter, even though investments have been made under the same which may be affected by such amendment.

APPEAL FROM BARREN CIRCUIT COURT.

March 30, 1875.

OPINION BY JUDGE LINDSAY:

We do not decide as to the power of the legislature, independent of the act of 1856, to pass the act of amendment under which this litigation arose. We conceive that the existence of the act of 1856 supersedes the necessity for deciding that question.

The case of *Aspinwall v. Daviess County Court* was not cited as illustrative of legislative power to repeal or amend acts of incorpora-

tions, but to show that the proposition to subscribe by Barren county, had not become so far an executed contract, anterior to the enactment, as to be protected by the clause of the federal constitution prohibiting states from passing laws impairing the obligations of contracts, and to distinguish this case from the case of the presiding judge of the Washington county court and this appellant.

We are of opinion, and so decide, that the act of 1856 reserves to the legislature the right to amend all charters (subject to the limitations of the proviso that no amendment shall impair other rights previously vested) in which a contrary interest is not plainly expressed. We do not hold that the contrary interest can only be plainly expressed by being in terms "expressly relinquished," but that in as much as the intent must, in the language of the statute, be "plainly expressed," where it is not so relinquished, the provisions of the charter must be such as are irreconcilable, with the power to amend; otherwise it will not be evident, it will not clearly appear, it will not be easily understood, that the general power to amend or repeal is not reserved. We do not regard the provisions of appellant's charter as irreconcilable with the power reserved to the legislature by the acts of 1856.

We recognize the potency of the argument of the majority of the court in the Slack case, *Slack, et al., v. Maysville & Lexington Railroad Co.,* 13 B. Mon. 18, upon a kindred question, but do not regard that argument as conclusive of the question to be decided in this case.

There was no power to repeal or amend the Maysville & Lexington Railroad charter, reserved by the legislature, either in express terms, or by legal implication. Hence the court said, *arguendo,* that as soon as individuals had subscribed and expended their money on the faith of a charter valid at the time, there was an interest irrevocable by mere legislative act. In this case, individuals, counties and municipalities have subscribed and expended their money, with full notice of the reserved power of the legislature to alter or amend the charter.

We appreciate the consequences that may flow from an abuse by the legislature of the power reserved by the act of 1856. Whether the evil consequences will more than balance the good, is a question to be determined by the legislature, and not by the judicial department of the government. With the courts, it is a mere question of legislative power, and not of public policy, and "a demonstration of the evil consequences to flow from the abuse of a particular power,

does not demonstrate the non-existence of that power." *Supra,* 13
B. Mon. 15.

The petition for a rehearing must be *overruled.*

*H. C. Pindell, for appellant.*
*Rodman, A. Duvall, for appellee.*